**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:

DANIEL CASEY,  Case No. 12-38377-EPK
 Chapter 11

    Debtor.
_____/

**DEBTOR'S OBJECTION TO FIRSTBANK'S MOTION**
**TO DISMISS FOR BAD FAITH**
**AND/OR FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, Daniel Casey, by and through undersigned counsel, objects to FirstBank's Motion to Dismiss for Bad Faith and/or For Relief From the Automatic Stay [D.E. 12 & 13] (the "Motion"), and states:

**I.  INTRODUCTION**

1. The Debtor filed his individual petition on November 27, 2012 (the "Petition Date").

2. The Debtor's sole significant asset is the Property, as referred to in FirstBank's Motion.

3. On information and belief, according to FirstBank's own appraisal, the Property is worth approximately $3 Million. FirstBank has admitted on the record that there is equity in the property.

4. There are multiple prospective buyers interested in purchasing the property.

5. The balance of the note secured by a mortgage on the Property is approximately $1.52 Million. *See* the Motion at 4.

6. The Debtor has approximately $300,000 in unsecured prepetition debt.

1

7. The Debtor filed this petition not to delay the foreclosure process, but rather to more quickly and efficiently sell the property and repay his secured and unsecured creditors in full.

8. The Debtor has met with and, subject to court approval, anticipates retaining Jason Welt to sell the Property.

## II. MEMORANDUM OF LAW

A. <u>The case should not be dismissed as a bad-faith filing.</u>

FirstBank relies heavily on *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393, 1394 (11th Cir.1988). The Debtor agrees that *Piccadilly* and its six factors[1] are still good law in the Eleventh Circuit. The Debtor disagrees, however, with FirstBank's assertion that this case "lines up on all fours (or all sixes)" with *Piccadilly.*

In *Piccadilly,* the 11th Circuit used the now-famous *Piccadilly* factors to determine whether the case was filed with "'an intent to abuse the judicial process and the purposes of the reorganization provisions' or, in particular. . . 'to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.'"*Id.* at 1394, (*quoting In re Albany Partners, Ltd.,* 749 F.2d at 674). In applying the factors, the court noted that the two of the debtor's agents actually testified that the debtor intended to use the Chapter 11 filing to delay the foreclosure process. *Id.*

---

[1] As FirstBank asserts, the *Piccadilly* Factors are:

(1) the debtor has only one asset, the property at issue;

(2) the debtor has few unsecured creditors whose claims are relatively small compared to the claims of the secured creditors;

(3) the debtor has few employees;

(4) the property is subject to a foreclosure action as a result of arrearages on the debt;

(5) the debtor's financial problems essentially are a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and

(6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.

Additionally, the court noted that the debtor chose a venue 700 miles away from the foreclosure proceeding. *Id.*

As to the *Piccadilly* factors themselves, in *Piccadilly*, the note secured by mortgages on the single real estate asset had a balance of $12 Million, while the debtor's non-insider unsecured debt totaled only $50,000, a ratio of 240:1. *In re Phoenix Piccadilly, Ltd.,* 84 B.R. 843 (Bankr.M.D.Fla. 1988). This drove the Eleventh Circuit to determine that [Factor #2:] the debtor had few unsecured creditors whose claims were small in relation to the claims of the secured creditors; and [Factor #5:] the debtor's financial problems essentially involved a dispute between the debtor and the secured creditors which could have been resolved in the pending state court action.

Here, however, there are more unsecured creditors than secured creditors. Secondly, the ratio is far lower, approximately 5:1, as compared to 240:1 in *Piccadilly*. Thus Factor #2 clearly weighs against bad faith. Furthermore, Factor #5 cannot weigh against the Debtor, because the Debtor's financial problems are not related to the secured creditor. The Debtor has equity in the property, and thus his debt to FirstBank is necessarily not the source of his future financial problems. Quite the contrary, it is the Debtor's unsecured creditors, whom he has no chance of repaying outside of bankruptcy, which pose the most significant financial risk.

Finally, and most importantly, as to Factor #6, the Debtor has <u>no</u> intent to delay or frustrate the legitimate efforts of his secured creditors to enforce their rights. To the contrary, it is the Debtor's intention to sell the property through a § 363 sale, which will sell the property much faster than a foreclosure sale, and service 100% of the Debtor's debts, including FirstBank's. Thus, the Debtor cannot have intent to delay or frustrate, since Bankruptcy will actually more quickly and fully satisfy the secured creditor's claims.

3

Contrary to FirstBank's Motion, if this case were on "all fours" with any other case, it would be *In re Star Trust, 237 B.R. 827, 833-34* (Bankr.M.D.Fla.1999), another case relied upon by FirstBank. Like this case, *Star Trust* involved "one asset; few unsecured creditors; no employees; two party dispute; and the filing of the bankruptcy petition on the eve of a critical foreclosure hearing." Just as in this case, however, in *Star Trust,* there was "no indication of an intent to abuse the judicial process or the purposes of the reorganization provisions."*Id.* This was because, as will be true in this case, the *Star Trust* debtor quickly filed a plan to pay all its creditors in full. *Id.* Thus, the court rightly decided that the case should not be dismissed.

B.  Relief from the stay should not be granted.

FirstBank also asserts that it is entitled to relief from the stay pursuant to Section 362(d)(1)-(3) of the Bankrutpcy code. Such relief, however, is inappropriate. Section 362(d)(1) allows for relief from the stay for "cause, including lack of adequate protection." No such cause exists. *In re Comose,* 7 B.R. 854, 855 (Bankr.S.D.Fla.1980). In *Comose,* holders of a second and third mortgage petitioned for relief from the stay. *Id.* The Court found that there was a slight, yet declining, equity cushion in the property. *Id.* Thus, the Court held that the petitioning creditors were adequately protected and denied relief even in the absence of continuing 'adequate protection payments.' The facts here are analogous, although the equity cushion is substantial and not eroding. Thus, the Court should deny relief pursuant to Section 362(d)(1).

FirstBank argues that stay relief is appropriate pursuant to Section 362(d)(2) as well. Section 362(d)(2) requires that there be no equity in the property **and** that the property not be necessary for an effective reorganization. First, by FirstBank's own admission, there is equity in the property. Because it is undisputed that there is equity in the property, the Court must deny relief pursuant to Section 362(d)(2). The property, however, *is* necessary for an effective

4

reorganization. It is the Debtor's only substantial asset, and any effective reorganization in Bankruptcy which services any of the Debtor's unsecured debt must necessarily involve the use, sale or lease of the Property.

Lastly, FirstBank argues that relief is appropriate pursuant to Section 362(d)(3). Such relief, however, is inappropriate until and unless the Debtor has failed to file a plan within 90 days of the Petition Date which has a reasonable chance of confirmation. That date would be February 26, 2013. Even still, the Debtor fully expects to comply with the 90-day requirement, unless FirstBank obstructs the Debtor's efforts to sell the property.

### III.    CONCLUSION

In this case, the Debtor clearly benefits from the automatic stay, but he is certainly not abusing or misusing it. "If the Court were to consider every filing made for the purpose of taking advantage of the stay provisions to be in bad faith, the protection offered by the automatic stay would be meaningless." *In re Jacksonville Riverfront Development, Ltd., 215 B.R. 239* (Bankr.M.D.Fla.1997). Rather, in this case, the Debtor seeks to use the protections of the Bankruptcy Code to <u>fully</u> service his debts and obtain a fresh start. That is, after all, the very purpose, and the ideal outcome, of the bankruptcy system itself. *Williams v. U.S. Fidelity & Guaranty Co.,* 236 U.S. 549 (1915).

WHEREFORE, the Debtor requests this court deny FirstBank's Motion, and enter such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**MARSHALL GRANT, P.L.**
Proposed Attorneys for the Debtor In Possession
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@marshallgrant.com

By:   /s/ Lawrence E. Pecan
      JOE M. GRANT
      Florida Bar No. 137758
      ADAM D. MARSHALL
      Florida Bar No. 579823
      LAWRENCE E. PECAN
      Florida Bar No. 99086

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 7th day of January, 2013, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document and its attachments are being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                                                           /s/ Lawrence E. Pecan
                                                                           LAWRENCE E. PECAN

**SERVICE LIST**

**SERVED VIA CM/ECF NOTICE**

- David Softness            david@softnesslaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**SERVED VIA U.S. MAIL**

American Express Corporation
PO Box 297871
Fort Lauderdale, FL 33329

Asset Acceptance, LLC
PO Box 1630
Warren, MI 48090

Bank Of America
PO Box 982235
El Paso, TX 79998

Bonded Collections
29 East Madison Street, Suite 1650
Chicago, IL 60602

Cavalry Portfolio Services
500 Summit Lake Drive
Valhalla, NY 10595

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH 43054-3025

Discover Financial Services, LLC
PO Box 15316
Wilmington, DE 19850

Exxon/Mobile
PO Box 6497
Sioux Falls, SD 57117

FirstBank of Puerto Rico
c/o Michele B. Softness, Esq.
Isicoff, Ragatz & Koenigsberg
1200 Brickell Avenue, Suite 1200
Miami, FL 33131

Goodyear
PO Box 6497
Sioux Falls, SD 57117

Midland Funding
8875 Aero Drive, Suite 200
San Diego, CA 92123

RBS Citizens
443 Jefferson Blvd
RJW 135
Warwick RI 02886

RBS Citizens National
1000 Lafayette Blvd.
Bridgeport, CT 06604

Sears
PO Box 6282
Sioux Falls, SD 57117

Visa
9111 Duke Blvd.
Mason, OH 45040