UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

DANIEL CASEY,                                 Case No. 12-38377-EPK
                                                                     Chapter 11

      Debtor.
_____/

**DEBTOR-IN-POSSESSION, DANIEL CASEY'S EMERGENCY MOTION TO SELL
REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES AND OTHER RELATED RELIEF**

EMERGENCY HEARING REQUESTED ON FEBRUARY 12, 2013,
BUT NO LATER THAN FEBRUARY 14, 2013

Basis for Emergency Relief

Daniel Casey, as debtor-in-possession (the "Debtor"), requests an emergency hearing in this matter, to seek authority to sell certain real property and for other relief. The Debtor believes that the sale of the subject property is in the best interest of the estate and requires an immediate hearing since time is of the essence in that the purchaser has indicated that it needs to close immediately. Furthermore, FirstBank has asserted that the secured debt which encumbers the property is accruing interest at a rate of nearly $1,000 per day. The Debtor respectfully requests that the Court waive the provisions of Rule 9075-1(B) of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida, which require an affirmative statement that a *bona fide* effort was made in order to resolve the issues raised in this motion, as the relief requested herein does not lend itself to advance resolution.

Debtor-in-possession, Daniel Casey (the "Debtor"), by and through undersigned counsel, hereby moves the Court (the "Motion") for the entry of an Order: (1) authorizing and approving the sale of the Estate's real property to the Purchaser free and clear of liens, claims, and encumbrances; (2) approving the contract (the "Real Estate Contract") in connection with sale; (3) authorizing the payment at closing of (i) the required commission to the listing agents and

buyer's agent for services rendered in connection with the marketing and sale of the property; and (ii) the payments to the secured creditors, along with the other usual and customary closing costs required to close the sale; (4) finding that this Motion serves as adequate notice of the sale, pursuant to Local Rule 6004-1; and (5) granting a waiver of the provisions of Fed.R.Bankr.P. 6004(h). In support thereof, the Debtor respectfully states as follows:

### I.    LOCAL RULE 6004-1 CONCISE STATEMENT

In accordance with Local Rule 6004-1, below is a summary of the nature of the Debtor's request.

- Closing Date: No later than five days after the order approving the Contract.

- Closing Conditions: Entry of the Sale Order.

- The sale is not subject to higher and better offers, there are no requirements for competing bidders.

- Initial Deposit: On February 6, 2013, the Purchaser wired $100,000 in escrow as an initial deposit.

- Documentation Requirements: Executed Real Estate Contract

- Any other qualifying conditions: None

- Purchase Protections not otherwise described: No proposed break up fees and matching rights are not applicable.

- Statement Regarding Transfer of Personally Identifiable Information. The Debtors do not maintain any policy regarding personally identifiable information.

### II.    INTRODUCTION

1. The Debtor filed his individual petition on November 27, 2012 (the "Petition Date").

2. The Estate's only significant asset is a parcel of commercial real estate located at 2626 and 2600 S. Federal Hwy, in Delray Beach, FL (the "Property"). The Property is

encumbered by FirstBank of Puerto Rico's mortgage, which FirstBank asserts is currently in the amount of $1,799,536.85. The Palm Beach County Tax Collector has asserted a secured claim of $35,416.76. [Proofs of Claim 9-1 & 10-1].

3. FirstBank of Puerto Rico, the mortgagee of the Property, has moved to dismiss this Case (the "Motion to Dismiss") [D.E. 12]. An evidentiary hearing is set for Monday, February 25, 2013, at 9:30 a.m.

4. On January 18, 2013, the Court entered an Order Authorizing the Employment and Retention of Trustee Realty, Inc. and Jason Welt for the Sale of Real Property. [D.E. 53]

5. On February 6, 2013, the Debtor entered into the Real Estate Contract, pending the approval of the Bankruptcy Court, with Morse Operations, Inc. (the "Purchaser"), to sell the Property free and clear of all liens for $2.4 Million.

6. In the decades prior to the petition date, the Debtor made significant improvements to the property, such that the Estate's basis in the Property is greater than the sale price, and the sale will not result in a net capital gain, nor any additional administrative tax expense.

7. As of the date of the filing of this Motion, the Debtor's unsecured claims totaled $194,454.55. The combined value of Palm Beach County and FirstBank's secured claims, as asserted, is $1,834,953.61. Thus, the total of all secured and unsecured claims is $2,029,408.16. The claims bar date, as shortened by the Court, is February 26, 2013. [D.E. 30].

8. After payment of the secured claims, and the 5% commission previously authorized by this Court ($120,000.00), the sale will yield $445,056.39 to pay the unsecured creditors and administrative expenses of the Estate. Thus, the sale of the property will fully

service all of the secured, unsecured and administrative claims (pursuant to the claims register as of February 6, 2013).

9.      This is an arms' length transaction. The Buyer has no affiliation or other relationship with the Debtor and is therefore entitled to the provisions of § 363(m) of the Bankruptcy Code.

### III.  MEMORANDUM OF LAW

**A.  The Property may be sold free and clear of all liens, claims or encumbrances.**

Section 363(f) of the Bankruptcy Code authorizes the Debtor to sell property of the estate free and clear of any liens, claims or encumbrances if one of the following is met: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. The language of Section 363(f) is in the disjunctive, so that a sale free and clear of interests can be approved if any of the aforementioned conditions are met. *In re Heine,* 141 B.R. 185, 189 (Bankr. D.S.D. 1992); *In re Elliot,* 94 B.R. 343, 345 (E.D. Pa. 1988). The Debtor asserts that Section 363(f)(1)(2)(3), and (5) authorize the sale of the Property free and clear of all interests, liens, claims, and encumbrances to the Purchaser.

**B.  A private sale benefits the Estate and should be approved.**

Bankruptcy Rule 6004 provides that all sales not in the ordinary course of business may be by private sale or by public auction.  If the sale is private, all creditors will receive notice of the terms and conditions of the sale and the time fixed for filing objections.  *See* Fed.R.Bankr.P. 6004.  Generally, Courts favor public sales.  However, this Property was thoroughly marketed by

Jason Welt, the court-approved listing agent, and the highest and best offer was achieved through such efforts.

The marketing efforts were sufficient to provide adequate exposure of the Property. *See In re Planned Systems, Inc*., 82 B.R. 919, 923 (Bankr. S.D.Ohio 1988) (a private sale of property is authorized when the property was been listed with a real estate broker and the marketing efforts were sufficient to provide adequate exposure of the property); see also *In re Nepsco, Inc*., 36 B.R. 25, 27-28 (Bankr. D.Me. 1983); *In re Alves*, 52 B.R. 353, 354 (Bankr. D.R.I. 1985). Therefore, the Private Sale is in the best interest of the bankruptcy estate and its creditors.

A sale of estate property is appropriate if all provisions of Section 363 are followed, the bid is fair and the sale is in the best interests of the estate and its creditors. *In the Matter of Embrace Systems Corporation*, 178 B.R. 112, 123 (Bankr. W.D.Mich. 1995). The Debtor's proposed sale of the Property to the Purchaser in exchange for the agreed upon Purchase Price and pursuant to the terms of the Real Estate Contract, without any further delay, is in the best interest of all creditors. The Debtor requests that the Court find that the Purchaser acted in good faith within the meaning of Bankruptcy Code Section 363(m).

Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

Although the Bankruptcy Code does not define "good faith purchaser," bankruptcy courts which have considered the issue hold that a party would have to show fraud or collusion between the purchaser and the debtors to demonstrate lack of good faith.

> The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchasers' good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

*In re Apex Oil Co.*, 92 B.R. 847, 869 (Bankr. E.D. Mo. 1988). *Accord Kabro Assoc. of W. Islip, LLC v. Colony Hill Assoc. (In re Colony Hill Assoc.)*, 111 F.3d 269, 276 (2d Cir. 1997).

Accordingly, the Debtor requests that the Court determine that the Purchaser is acting in good faith and entitled to the protections of a good faith purchaser under Section 363(m) of the Bankruptcy Code

### C. The 14-day stay provided for by Rule 6004(h) should be waived.

Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Given the need to close the sale as promptly as possible, the Debtor requests that the Order granting the sale and any order ultimately authorizing the consummation of the transaction contemplated by this Motion be effective immediately by providing that the 14-day stay is inapplicable.

### D. The splitting of the previously authorized 5% commission between the Court-approved listing agent and the buyer's agent should be approved and paid at closing.

The services performed by the listing agent, Jason Welt of Trustee Realty, Inc., and the buyer's agent, Douglas DeSantis of Strategic Realty Services LLC, in connection with marketing and selling of the Property were necessary to the administration of this case and were beneficial to the Estate at the time at which such services were rendered. Indeed, through the listing agent's and buyer's agent's efforts, the Estate was able to sell the Property at the best price obtainable. The compensation requested is consistent with the nature and extent of the services rendered, and

expenses incurred by the agents, the time, labor and special expertise brought to bear, and other related factors. The 5% Commission, which the Debtor requests be split between the listing agent and the buyer's agent, is reasonable based on commissions charged by comparably skilled real estate listing agents in the area, and is equal to the 5% commission previously approved by this Court for the listing agent. [D.E. 53]. In light of the foregoing, the Debtor requests this Court authorize payment at closing of (i) the listing agent, Jason Welt of Trustee Realty, Inc.'s commission in the amount of 2.5% of the purchase price, and (ii) payment of the buyer's agent, Douglas DeSantis of Strategic Realty Services LLC's commission in the amount of 2.5% of the purchase price.

**E. This Motion serves as adequate notice of the sale.**

Pursuant to Local Rule 6004-1, the Debtor will serve copies of this Motion and the attached Exhibits on (i) the U.S. Trustee, (ii) any party holding an interest in the property, and if applicable, its counsel (iii) all parties who have filed notices of appearance or requests for copies of notices (iv) the Palm County Tax Collector, (v) all creditors registered under CM/ECF and/or pursuant to Local Rule 2002-1(H) and (vi) any creditors who are scheduled or have filed a proof of claim. Accordingly, the Debtor requests that the Court enter an order finding that such notice of this Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order: (1) authorizing and approving the sale of the Estate's real property to the Purchaser free and clear of liens, claims, and encumbrances; (2) approving the Real Estate Sales Contract (the "Real Estate Contract") in connection with sale; (3) authorizing the payment at closing of (i) the required commission to the real estate listing agent and buyer's agent for services rendered in connection with the marketing and sale of the property; and (ii) the payments to the secured creditors, along

with the other usual and customary closing costs required to close the sale; (4) finding that this Motion serves as adequate notice of the sale, pursuant to Local Rule 6004-1;  (5) granting a waiver of the provisions of Fed.R.Bankr.P. 6004(h); and (6) granting such other and further relief as is proper.

        Respectfully submitted,

**MARSHALL GRANT, P.L.**
Attorneys for the Debtor In Possession
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@marshallgrant.com

By:   /s/ Lawrence E. Pecan
     JOE M. GRANT
     Florida Bar No. 137758
     ADAM D. MARSHALL
     Florida Bar No. 579823
     LAWRENCE E. PECAN
     Florida Bar No. 99086

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of February, 2013, I electronically filed this document with the Clerk of Court using CM/ECF.  I also certify that the document and its attachments are being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By:   /s/ Lawrence E. Pecan
       Lawrence E. Pecan

## SERVICE LIST

### SERVED VIA CM/ECF NOTICE

- David Softness               david@softnesslaw.com
- The United States Trustee    USTPRegion21.MM.ECF@usdoj.gov

**SERVED VIA US MAIL**

Firstbank Florida
c/o David R Softness
201 S Biscayne Blvd #1740
Miami, FL 33131

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern PA 19355-0701

American Express Corporation
PO Box 297871
Fort Lauderdale, FL 33329

Asset Acceptance LLC
PO Box 2036
Warren, MI 48090

Asset Acceptance, LLC
PO Box 1630
Warren, MI 48090

Bank Of America
P0 Box 982235
El Paso, TX 79998

Bonded Collections
29 East Madison Street
Suite 1650
Chicago, IL 60602

Bonded Collections
29 East Madison Street,
Suite 1650
Chicago, IL 60602

CAVALRY PORTFOLIO SERVICES, LLC
500 Summit Lake Drive, suite 400
VALHALLA, NY 10595

Cavalry Portfolio Service
500 Summit Lake Drive
Valhalla, NY 10595

Cavalry Portfolio Services
500 Summit Lake Drive
Valhalla, NY 10595

Discover Bank
DB Servicing Corporation
PO Box 3025
New Albany, OH 43054-3025

Discover Financial Services, LLC
PO Box 15316
Wilmington, DE 19850

Exxon/Mobile
PO Box 6497
Sioux Falls, SD 57117

FIA CARD SERVICES, N.A.
4161 Piedmont Parkway
NC4 105 03 14
Greensboro, NC 27410

Goodyear
PO Box 6497
Sioux Falls, SD 57117

Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Midland Funding
8875 Aero Drive, Suite 200
San Diego, CA 92123

Palm Beach County Tax Collector
PO Box 3715
West Palm Beach, FL 33402-3715

RBS Citizens
443 Jefferson Blvd
RJW 135
Warwick RI 02886

RBS Citizens National
1000 Lafayette Blvd.
Bridgeport, CT 06604

Sears
PO Box 6282
Sioux Falls, SD 57117

Visa
9111 Duke Blvd.
Mason, OH 45040

Jason A Welt
1776 N Pine Island Rd #102
Plantation, FL 33322