

**ORDERED in the Southern District of Florida on February 15, 2013.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

DANIEL CASEY,                                Case No. 12-38377-EPK
                                             Chapter 11

          Debtor.
_____/

ORDER GRANTING
DANIEL CASEY'S EMERGENCY MOTION TO
SELL REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES AND OTHER RELATED RELIEF

This matter, having come before the Court on February 14, 2013 at 1:30 p.m. on the

Emergency Motion to Sell Real Property Free and Clear of all Liens, Claims and Encumbrances

And Other Related Relief [D.E 60] (the "Motion"), filed by the debtor and debtor in possession

1

in the above-captioned case (the "Debtor"); the Court having reviewed the Motion and CDS International Holdings, Inc.'s Objection thereto [D.E. 64] (the "Objection") and having heard the arguments of counsel;

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion [D.E. 60] is GRANTED, and the Objection [D.E. 64] is OVERRULED.

2. CDS International Holdings, Inc. is not a party-in-interest, pursuant to 11 U.S.C. § 1109, and lacks standing to object to the Sale.

3. The Debtor is authorized to sell the real property located at 2600, 2626 and 2656 S. Federal Hwy, Delray Beach, Florida and any improvements thereon (the "Sale") more particularly described as:

> PARCEL 1
>
> A parcel of land in Palm Beach County, Florida, being a part of the Plat of DEL-RATON PARK, according to the Plat thereof, as recorded in Plat Book 14, Pages 9 and 10, of the Public Records of Palm Beach County, Florida and being described as follows:
>
> Lots 28, 29, 30, 31 and 32, less the East 2.00 feet thereof, Block 14, DEL-RATON PARK; Lots 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44, Block 14, DEL-RATON PARK, the 10 foot alley right of way abandoned by Official Records Book 4111, Page 836, Palm Beach County Public Records lying East of said Lot 33 and West of said Lots 28 to 32, inclusive; and the East half of the 10 foot alley right of way abandoned by Official Records Book 4222, Page 1625, Palm Beach County Public Records lying East of Lots 1 to 5, inclusive, Block 14 and West of said Lot 44.
>
> AND TOGETHER WITH:
>
> Lots 11 through 16, inclusive, Block 14; and the East 5 feet of the abandoned alley right of way adjacent to said Lot 11, DEL-RATON PARK, according to the Plat thereof, as recorded in Plat Book 14, Pages 9 and 10 of the Public Records of Palm Beach County, Florida, less the South 5 feet thereof.

PARCEL 2

Lots 17 through 22, inclusive, less the South 5 feet thereof; the abandoned 10 foot alley right of way lying East of and adjacent to said Lot 22; and Lots 23 through 27, inclusive, less the East 2 feet and the South 5 feet thereof, Block 14, DEL-RATON PARK, according to the Plat thereof, as recorded in Plat Book 14, Pages 9 and 10 of the Public Records of Palm Beach, Florida.

(The "Real Property").

4.  The Real Estate Sales Contract attached to the Motion is approved.

5.  The Purchaser is acting in good faith and is entitled to the protections of a good faith purchaser pursuant to Section 363(m) of the Bankruptcy Code. The reversal or modification on appeal of this Order shall not affect the validity of the Sale to the Purchaser, unless the Sale is stayed by a court of competent jurisdiction prior to closing.

6.  The service of the Motion is adequate notice of the sale pursuant to Fed.R.Bankr.P. 2002 and 6004, and is sufficient notice pursuant to Local Rule 6004-1.

7.  The Debtor shall have the authority to sell the Real Property free and clear of all liens and encumbrances, except for the first priority lien held by FirstBank Puerto Rico, which shall be paid in full at closing from the sale proceeds in the amount of $1,830,000.00, and that of Palm Beach County, which shall be paid in full at closing.

8.  Without limiting the foregoing, the Real Property shall be sold free and clear of the recorded liens and judgments set forth on Exhibit A (the "Recorded Judgments"), and such Recorded Judgments, other than those referenced in paragraph 7, together with any other liens and encumbrances, whether known or unknown, shall no longer be liens or encumbrances on the Real Property. Only to the extent that the Recorded Judgments are allowed secured claims, upon the sale of the Real Property, the Recorded Judgments shall transfer to the proceeds of the sale. Furthermore, ad valorem, non ad valorem tax claims and any assessments due under any

recorded documents owed with respect to the Real Property sold will be pro rated or satisfied directly from the proceeds of the closing in accordance with the terms of the Real Estate Sales Contract.

9. At closing, the Debtor is authorized to pay usual and customary closing costs and fees out of the proceeds of the sale.

10. At closing, the Debtor is authorized to pay the listing agent, Jason Welt of Trustee Realty, Inc.'s commission in the amount of 2.5% of the purchase price, and to pay the buyer's agent, Douglas DeSantis of Strategic Realty Services LLC's commission in the amount of 2.5% of the purchase price, which shall be paid in full out of the purchase price.

11. All remaining proceeds from the sale shall remain in Debtor's counsel's trust account until disbursed pursuant to applicable orders of this Court.

12. For good cause shown, the 14-day stay pursuant to Fed.R.Bankr.P. 6004(h) is waived. The Debtor is expressly authorized to close the Sale within five business days of the entry of this Order in accordance with the Contract (the "Five Business Days").

13. The Court is advised that FirstBank Puerto Rico has agreed to the relief sought in this Order based on the fact that the Sale would close within the contractually agreed Five Business Days.  The authority granted to the Debtor herein is limited to a closing within the aforementioned Five Business Days.  If – for whatever reason – the Sale does not close within the aforementioned Five Business Days, the Debtor shall seek such relief as he deems appropriate, and the parties may otherwise proceed as they deem appropriate in regards to the Sale and any and all pending matters in the case.

14. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

###

Submitted by:
Joe M. Grant, Esq.
Marshall Grant, P.L.
197 S. Federal Highway, Suite 300
Boca Raton, FL 33432
561.672.7580
561.672.7581

Copy to:

Joe M. Grant, Esq. (Attorney Grant is directed to serve a conformed copy of this order, immediately upon receipt, on all parties listed on the Service List immediately upon receipt and to file a certificate of service with the Court).

## EXHIBIT A

1. Final Judgment, in the amount of $1,207.37, dated October 28, 2005 filed in the County Court in and for Duval County, Florida, Case No.: 16-2005-SC-6260 titled M.D. Moody & Sons, Inc., a corporation, Plaintiff, vs. Lace Construction Incorporated, a corporation d/b/a D.J. Casey Enterprises, and Daniel J. Casey, Individually, Defendants, recorded November 30, 2005 in Official Records Book 19602, Page 1231, Public Records of Palm Beach County, Florida.

2. Default Final Judgment, in the amount of $91,212.99, dated April 11, 2007 filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No.: 06-018167 05 titled BANKATLANTIC, a Federal Savings Bank, Plaintiff, vs. Lace Construction Incorporated, and Daniel J. Casey, individually, recorded July 17, 2007 in Official Records Book 22037, Page 96, Public Records of Palm Beach County, Florida.

3. Default Final Judgment, in the amount of $24,083.87, dated October 3, 2012 filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No.: 2012-CA-002360-MB titled Discover Bank, Plaintiff, vs. Dan Casey and Phyllis R. Casey recorded October 3, 2012 in Official Records Book 25507, Page 336, Public Records of Palm Beach County, Florida.