

ORDERED in the Southern District of Florida on April 30, 2013.

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

DANIEL CASEY,                                                              Case No. 12-38377-EPK

                                                                        Chapter 11

       Debtor.
_____/

ORDER APPROVING FIRST INTERIM APPLICATION
OF MARSHALL GRANT, P.L. FOR ALLOWANCE OF COMPENSATION
FOR SERVICES RENDERED AND  REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD
<u>NOVEMBER 28, 2012, THROUGH MARCH 12, 2013</u>

This matter having come before the Court on April 18, 2013, upon the *First Interim Application of Marshall Grant, P.L. for Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred for the Period November 28, 2012, through March 12, 2013*, [ECF No. 76] (the "Application"), filed by Marshall Grant, P.L. ("Marshall Grant"), counsel for the above-captioned debtor and debtor in possession.  No objections or comments were filed in response

to the Application. The Court, having reviewed the application and having determined the legal and factual bases set forth in the Application establish just cause for the relief granted herein:

HEREBY FINDS THAT:

A.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue of this chapter 11 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

B.   Marshall Grant is a duly appointed professional in the above-captioned Debtor's chapter 11 case.

C.   Service and notice of filing of the Application complied with the applicable requirements of the Bankruptcy Code and all applicable Bankruptcy Rules.

**IT IS HEREBY ORDERED THAT:**

1.   The application is APPROVED.

2.   The Applicant is allowed an interim fee in the amount of $49,172.50 for services rendered to the Debtor in connection with the Debtor's chapter 11 case during the First Compensation Period;

3.   The reimbursement of expenses incurred in the representation of the Debtor during the First Compensation Period in the amount of $62.70 is approved.

4.   The Debtor is directed to pay to Marshall Grant 80% of the fee amount sought in the Application ($39,338.00) and 100% of costs in the amount of $62.70 (without prejudice to the right of counsel to seek allowance of the remaining amounts in connection with its final fee application), for a total of $39,400.70.

5.   Marshall Grant shall transfer the remaining retainer funds held in trust, and credit such funds against the $39,400.70.

6.   Marshall Grant shall transfer from the funds it holds in trust for the Estate, the remaining balance of the $39,400.70.

7. The Applicant shall not receive additional payments from the Debtor absent further order from this Court.

8. In allowing the foregoing fees, the Court has considered the criteria and specified the factors enumerated in the Bankruptcy Code and applicable case law, including each of the factors that govern the reasonableness of fees as set forth in *In re First Colonial Corp.* 544 F.2d 1291 (5th Cir. 1974).

9. The award of compensation and reimbursement of expenses referenced above is made on an interim basis pursuant to 11 U.S.C. § 331. The award remains subject to further review and adjustment in accordance with 11 U.S.C. §§ 328 and 330, and is without prejudice to the right of any party in interest to file objections and comments at the time of future interim and final applications.

#    #    #

**Submitted: by**

**Adam D. Marshall, Esquire**
Attorney for Debtor
Marshall Grant, P.L.
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581

(*Attorney Adam Marshall is hereby directed to serve a conformed copy of this Order upon receipt to all interested parties and file a Certificate of Service.)